**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ROBERT BERRETTA, :
                                   Civil Action No. 04-5143 (JBS)
      Petitioner, :

      v. : **OPINION**

FEDERAL BUREAU OF PRISONS, :
et al.,
      Respondents. :

**APPEARANCES:**

Petitioner pro se:                      Counsel for Respondents:
Robert Berretta                         John Andrew Ruymann
#83571-054                              Asst. U.S. Attorney
FCI Fort Dix Camp                       402 East State Street
P.O. Box 1000                           Room 430
Fort Dix, NJ 08640                      Trenton, NJ 08608

**SIMANDLE**, District Judge

    Petitioner Robert Berretta, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND

Petitioner asserts that on January 8, 2003, he pleaded guilty to one county of money laundering in the United States District Court for the Southern District of New York.  On April 18, 2003, Petitioner was sentenced to a term of imprisonment of 37 months, to be followed by a term of supervised release of three years.  On July 7, 2003, Petitioner self-surrendered to the Federal Correctional Institution at Fort Dix, where he remains.

On January 27, 2004, the Administrative Staff at FCI-Fort Dix provided Petitioner with a "Sentence Monitoring Computation Data Form" which provided for a statutory release date of March 13, 2006.  The Sentence Monitoring Computation Data Form also provides for a "Six-Month/10% Date," which is blank on the form provided to Petitioner.  Finally, the form also includes a "Pre-Release Preparation Date," which is December 6, 2005, and which he has been informed by his Unit Team is his "Six-Month/10% Date," or the date when he will be considered for pre-release transfer to a Community Corrections Center.

Petitioner alleges that the December 6, 2005, Pre-Release Preparation Date is based upon a December 13, 2002, Memorandum Opinion, and a December 20, 2002, Memorandum to implement the Memorandum Opinion, which interpret governing statutes to prohibit placement in a Community Corrections Center before the last ten-percent of a prisoner's term of imprisonment, not to

exceed six months.  See 18 U.S.C. §§ 3621(b) and 3624(c). Petitioner contends that the Bureau of Prisons' interpretation of the governing statutes is incorrect and that he is entitled to be considered for pre-release transfer to a CCC pursuant to the BOP's previous policy, which would have permitted consideration for pre-release transfer up to six months before the anticipated release date.

Respondents answered the Petition, asserting that Petitioner's claim was not ripe and defending the December 2002 policy on the merits.

During the pendency of this action, however, the Bureau of Prisons issued new regulations regarding community confinement, including pre-release transfer to a CCC, which became effective on February 14, 2005.  See 28 C.F.R. §§ 570.20, 570.21, 70 Fed.Reg. 1659, 1663 (Jan. 10, 2005).  Accordingly, this Court granted Petitioner leave to file a supplemental brief explaining the effect, if any, of the new regulations on the claims asserted in his Petition, and granting Respondents leave to file a reply to any such supplemental brief.

The time for response has lapsed, and Petitioner has failed to file a supplemental brief.  Accordingly, this matter is ripe for determination.

## II.  ANALYSIS

As noted above, this Court has directed Petitioner's attention to the new regulations, providing him with a copy of the same, and has granted Petitioner the opportunity to provide the Court with a supplemental brief explaining the effect, if any, of the new regulations on the claims asserted in the Petition.  Petitioner has failed to file such a supplemental brief.

This Court has previously held that the BOP December 2002 policy is invalid.  See Miranda v. Miner, 04-cv-2590 (JBS).  It is apparent, however, that the December 2002 policy will not govern the pre-release planning for Petitioner, who was incarcerated on February 14, 2005, the effective date of the new BOP regulations.  See 70 Fed.Reg. 1659 (Jan. 10, 2005).

As Petitioner challenges only a policy that is no longer in effect, and does not challenge the policy that will govern his pre-release planning, Petitioner's claims are moot and the Petition must be dismissed.

This Court expresses no opinion on the validity of the new regulations at 28 C.F.R. §§ 570.20 and 570.21.

IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.

                                        s/ Jerome B. Simandle
                                        Jerome B. Simandle
                                        United States District Judge

Dated: **August 9, 2005**